UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BUSINESS CASUAL HOLDINGS, LLC, a
Delaware limited liability company,

    Plaintiff,

        v.

TV-NOVOSTI, a Russian autonomous non-profit
organization,

    Defendant.

Case No.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Business Casual Holdings, LLC, by and through its attorneys, Duff Law PLLC, states as follows:

## NATURE OF THE DISPUTE

1. Plaintiff Business Casual Holdings, LLC ("Plaintiff" or "Business Casual") seeks monetary and injunctive relief from Defendant TV-Novosti, a Russian autonomous non-profit organization operating the YouTube channel RT Arabic ("Defendant" or "Novosti") for copyright infringement, unfair competition, violations of the Digital Millennium Copyright Act ("DMCA"), and fraud.

2. Defendant published three (3) videos on YouTube that infringed upon Plaintiff's original and copyrighted content.

3. Plaintiff submitted DMCA takedown requests to YouTube with respect to all three infringing videos published by Defendant.

1

4. Defendant filed a counter notification as to one of the infringing videos it posted, which forced Business Casual to file this Complaint.

## THE PARTIES

5. Plaintiff is a limited liability company duly organized under the laws of Delaware.

6. Plaintiff creates original documentary content that it posts on the YouTube channel that it operates located at the following domain: https://www.youtube.com/BusinessCasual ("Plaintiff's YouTube Channel").

7. Defendant is a Russian autonomous non-profit organization with a registered office at Borovaya St., 3 Building 1, Moscow 111020.

8. Upon information and belief, Defendant operates the YouTube channel RT Arabic located at the following domain: https://www.youtube.com/user/RTarabic ("Defendant's YouTube Channel").

## JURISDICTION AND VENUE

9. This is a civil action arising from Defendant's willful, intentional, and unauthorized copying of Plaintiff's copyrighted works and for knowingly materially misrepresenting the existence of infringing material and Plaintiff's causes of action arise under the Copyright Act, 17 U.S.C. § 101 *et seq*.

10. Plaintiff's documentary videos are viewed by consumers within this judicial district.

11. Defendant markets, advertises, and generates revenue from its infringing documentary videos online and within this judicial district.

12. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338, and 1338(a).

13. This Court has personal jurisdiction over Defendant because, in response to Plaintiff's DMCA takedown notice sent to YouTube concerning Defendant's First Infringing Video and Defendant's Second Infringing Video, Defendant filed a DMCA counter notification and consented to any judicial district in which YouTube is present.

14. Upon information and belief, YouTube has multiple locations in Manhattan.

15. This Court has personal jurisdiction over Defendant because they purposefully direct their business activities toward consumers in the State of New York, including within this judicial district, derive a commercial benefit from their contacts within the State of New York, and are causing material and irreparable injury to Plaintiff and consumers within the State of New York and this judicial district.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because Defendants have promoted their infringing videos through an interactive website that derives revenue from viewers in this judicial district.

## STATEMENT OF FACTS

17. On June 8, 2018, Business Casual published an original documentary video titled *How Rockefeller Built His Trillion Dollar Oil Empire* (the "Rockefeller Video").

18. On June 25, 2020, Business Casual published an original documentary video titled *J.P. Morgan Documentary: How One Man Financed America* (the "J.P. Morgan Video").

19. On March 8, 2021, Business Casual received federal Copyright Registration No. PA0002280262 for the Rockefeller Video (the "Rockefeller Registration"), a copy of which is attached as **Exhibit A**.

20. On March 8, 2021, Business Casual received federal Copyright Registration No. PA0002280264 for the J.P. Morgan Video (the "J.P. Morgan Registration"), a copy of which is attached as **Exhibit B**.

21. The Rockefeller Registration and J.P. Morgan Registration may be referred to herein as the "Business Casual Registrations."

22. On January 2, 2021, Business Casual submitted a Digital Millennium Copyright Act ("DMCA") takedown request to YouTube concerning a video posted by Defendant on YouTube that copied Plaintiff's J.P. Morgan Video ("Defendant's First Infringing Video").

23. On January 11, 2021, YouTube removed Defendant's First Infringing Video.

24. On January 19, 2021, after email correspondence with Plaintiff initiated by Defendant, Defendant's representative stated in an email that "[y]es, you are right. I am terribly sorry about the use of your material in our project. Due to an oversight and misunderstanding here, my colleagues used this fragment without your permission."

25. On January 19, 2021, Defendant emailed Plaintiff stating "[f]ollowing up on my previous email I'd like to add that my colleagues filed a [DMCA counter notification] by mistake yesterday. So please ignore it."

26. On January 20, 2021, Business Causal received confirmation from YouTube that Defendant had retracted the DMCA counter notification it filed with YouTube concerning Defendant's First Infringing Video.

27. On February 9, 2021, Business Casual submitted a DMCA takedown request to YouTube concerning a second video posted by Defendant that copied portions of Plaintiff's Rockefeller Video ("Defendant's Second Infringing Video").

28. On February 15, 2021, Business Casual submitted a DMCA takedown request to YouTube concerning a third video posted by Defendant that copied portions Plaintiff's J.P. Morgan Video ("Defendant's Third Infringing Video").

29. On February 18, 2021, YouTube removed Defendant's Third Infringing Video.

30. On February 28, 2021, YouTube notified Business Casual that Defendant had filed a DMCA counter notification with respect to Defendant's Second Infringing Video and may republish Defendant's Second Infringing Video if Business Casual did not seek a court order against Defendant to restrain the infringing activity.

## CLAIMS FOR RELIEF

### COUNT 1
### COPYRIGHT INFRINGEMENT
### (Defendant's First Infringing Video)

31. Plaintiff restates all paragraphs as if fully restated herein.

32. Plaintiff is the owner of the J.P. Morgan Registration for the J.P. Morgan Video.

33. Defendant's First Infringing Video includes copied portions of the J.P. Morgan Video.

34. Defendant's First Infringing Video infringes upon Plaintiff's J.P. Morgan Registration.

35. Defendant admitted that the Defendant's First Infringing Video unlawfully copied portions of Plaintiff's J.P. Morgan Video.

36. Upon information and belief, Defendant's First Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

37. Defendants' actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

38. Plaintiff is entitled to actual damages and Defendant's profits.

39. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 2
## COPYRIGHT INFRINGEMENT
### (Defendant's Second Infringing Video)

40. Plaintiff restates all paragraphs as if fully restated herein.

41. Plaintiff is the owner of the Rockefeller Registration for the Rockefeller Video.

42. Defendant's Second Infringing Video includes copied portions of the Rockefeller Video.

43. Defendant's Second Infringing Video infringes upon Plaintiff's Rockefeller Registration.

44. Upon information and belief, Defendant's Second Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

45. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

46. Plaintiff is entitled to actual damages and Defendant's profits.

47. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 3
## COPYRIGHT INFRINGEMENT
### (Defendant's Third Infringing Video)

48. Plaintiff restates all paragraphs as if fully restated herein.

49. Plaintiff is the owner of the J.P. Morgan Registration for the J.P. Morgan Video.

50. Defendant's Third Infringing Video includes copied portions of the J.P. Morgan Video.

51. Defendant's Third Infringing Video infringes upon Plaintiff's J.P. Morgan Registration.

52. Upon information and belief, Defendant's Third Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

53. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

54. Plaintiff is entitled to actual damages and Defendant's profits.

55. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 4
## DMCA VIOLATION PURSUANT TO 17 U.S.C. § 512(f)

56. Plaintiff restates all paragraphs as if fully restated herein.

57. On February 9, 2021, Plaintiff filed a DMCA takedown notice with YouTube requesting removal of Defendant's Second Infringing Video.

58. In response, Defendant made a knowing misrepresentation by submitting a DMCA counter notification stating that Defendant's Second Infringing Video did not infringe upon Plaintiff's copyright rights.

59. Defendant's DMCA counter notification to YouTube with respect to Defendant's Second Infringing Video was made with knowledge that it was a material misrepresentation.

60. Plaintiff has suffered damages and continues to suffer damages as a result of Defendant's misrepresentation.

61. Defendant is liable for Plaintiff's damages, including costs and attorneys' fees, pursuant to 17 U.S.C. § 512(f).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that the Court enter the following judgment against Defendants:

1. That Defendant, its officers, agents, servants, employees, and any persons in active concert or participation with it be permanently enjoined and restrained from:

    a. Infringing Plaintiff's copyright rights in the works covered by the Business Casual Registrations;

    b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party to: (i) copy, extract, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, or otherwise use or exploit in any manner any of Plaintiffs' works covered by the Business Casual Registrations or portion(s) thereof; or (ii) to make available any of Plaintiffs' works covered by the Business Casual Registrations for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or for any other use or means of exploitation;

    c. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(b).

2. That third-parties providing services used in connection with Defendant's YouTube Channel, including without limitation, web hosting providers, cloud services providers, digital advertising service providers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and

Internet keyword advertising), domain name registration privacy protection services, providers of social media services (e.g., Facebook and Twitter), and user generated and online content services (e.g., YouTube, Periscope, Flickr and Tumblr) be required to cease or disable providing such services to Defendant in relation to Defendant's YouTube Channel and/or infringement of Plaintiffs' works covered by Business Casual's Registrations;

3. That the transfer of Defendant's assets to Plaintiff, specifically including assets in any of Defendant's payment processor accounts, including but not limited to Google AdSense, Payoneer, Dwolla, Stripe, and PayPal arising from, related to, or to account for their infringement of Plaintiff's works covered by the Business Casual Registrations or other monetary awards be ordered by the Court;

4. That Defendant account for and pay Plaintiff all profits realized by Defendant by reason of their unlawful acts alleged herein;

5. That Plaintiff be awarded its damages caused by Defendant's unlawful willful acts herein alleged;

6. That Plaintiff be awarded its costs and attorneys' fees incurred in this action;

7. That Plaintiff be awarded pre-judgment interest on its judgment; and

8. Such other and further relief as the Court may deem equitable, proper and just.

Dated:  March 8, 2021                                  Respectfully submitted,
        New York, New York                             DUFF LAW PLLC

                                    By:  _____
                                         Anderson J. Duff (AD2029)
                                         43-10 Crescent St. Ste. 1217
                                         New York, New York 11101
                                         (t) 646.450.3607
                                         (f) 917.920.4217
                                         (e) ajd@hoganduff.com