UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BUSINESS CASUAL HOLDINGS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.

TV-NOVOSTI, a Russian autonomous
non-profit organization,

    Defendant.

Case No.: 1:21-cv-2007-JGK

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

Plaintiff Business Casual Holdings, LLC, by and through its attorneys, Duff Law PLLC, states as follows:

## NATURE OF THE DISPUTE

1. Plaintiff Business Casual Holdings, LLC ("Plaintiff" or "Business Casual") seeks monetary and injunctive relief from Defendant TV-Novosti, a Russian autonomous non-profit organization operating the YouTube channel RT Arabic ("Defendant" or "Novosti") for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA").

2. Defendant published four (4) videos on YouTube that infringed upon original and copyrighted content rightfully and solely owned by Plaintiff.

3. Plaintiff submitted DMCA takedown requests to YouTube with respect to all four infringing videos published by Defendant.

4. Defendant initially filed a counter notification with YouTube, under the DMCA, as to one of the infringing videos it posted, which forced Plaintiff to file its initial Complaint within the brief window of time mandated by the safe harbor provision of the DMCA.

1

5. Defendant subsequently filed an additional counter notification with YouTube on March 12, 2021, under the DMCA, forcing Plaintiff to file this First Amended Complaint.

6. On March 15, 2021, within seven calendar days after Plaintiff filed its initial Complaint, Plaintiff filed a fourth DMCA takedown notification with YouTube concerning additional infringing content posted by Defendant.

## THE PARTIES

7. Plaintiff is a limited liability company duly organized under the laws of Delaware.

8. Plaintiff creates original documentary content that it posts on the YouTube channel that it operates located at the following domain: *www.youtube.com/BusinessCasual* ("Plaintiff's YouTube Channel").

9. Defendant is a Russian autonomous non-profit organization with a registered office at Borovaya St., 3 Building 1, Moscow 111020.

10. Upon information and belief, Defendant operates the YouTube channel RT Arabic located at the following domain: *www.youtube.com/user/RTarabic* ("Defendant's YouTube Channel") along with thirty-eight (38) associated YouTube channels. A true and correct copy of a list of these YouTube channels is attached as **Exhibit A**.

## JURISDICTION AND VENUE

11. This is a civil action arising from Defendant's willful, intentional, and unauthorized copying of copyrighted works rightfully and solely owned by Plaintiff as well as Defendant's intentional and material misrepresentations concerning the existence of infringing material on Defendant's YouTube Channel.

12. Plaintiff's causes of action arise under the Copyright Act, 17 U.S.C. § 101 *et seq*.

13. Plaintiff's videos are viewed by consumers within this judicial district.

14. Defendant markets, advertises, and generates revenue from its infringing videos online and within this judicial district.

15. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338 and 1338(a).

16. This Court has personal jurisdiction over Defendant because, Defendant filed at least three DMCA counter notifications in response to the DMCA takedown notices Plaintiff sent to YouTube concerning Defendant's infringing videos (described below), thereby consenting to any judicial district in which YouTube is present.

17. Upon information and belief, YouTube has multiple locations in Manhattan.

18. This Court has personal jurisdiction over Defendant because it purposefully directs its business activities toward consumers in the State of New York, including within this judicial district, derives a commercial benefit from its contacts within the State of New York, and has caused material and irreparable injury to Plaintiff and consumers within the State of New York and this judicial district.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because Defendant has promoted its infringing videos through an interactive website that derives revenue from viewers in this judicial district.

## STATEMENT OF FACTS

20. On June 8, 2018, Business Casual published an original documentary video titled *How Rockefeller Built His Trillion Dollar Oil Empire* at *www.youtube.com/watch?v=9saLsvWcppw* (the "Rockefeller Video").

21. On June 25, 2020, Business Casual published an original documentary video titled *J.P. Morgan Documentary: How One Man Financed America* at *www.youtube.com/watch?v=5jjdErDkDZE* (the "J.P. Morgan Video").

22. On March 8, 2021, Business Casual received federal Copyright Registration No. PA0002280262 for the Rockefeller Video (the "Rockefeller Registration"), a copy of which is attached as **Exhibit B**.

23. On March 8, 2021, Business Casual received federal Copyright Registration No. PA0002280264 for the J.P. Morgan Video (the "J.P. Morgan Registration"), a copy of which is attached as **Exhibit C**.

24. The Rockefeller Registration and J.P. Morgan Registration may be referred to herein as the "Business Casual Registrations."

25. On January 2, 2021, Business Casual submitted a Digital Millennium Copyright Act ("DMCA") takedown request to YouTube concerning a video posted by Defendant on YouTube at *www.youtube.com/watch?v=NsVlUcRZa2Y* that copied Plaintiff's J.P. Morgan Video ("Defendant's First Infringing Video").

26. On January 11, 2021, YouTube removed Defendant's First Infringing Video.

27. On January 19, 2021, after email correspondence with Plaintiff initiated by Defendant, Defendant's representative stated in an email that "[y]es, you are right. I am terribly sorry about the use of your material in our project. Due to an oversight and misunderstanding here, my colleagues used this fragment without your permission."

28. On January 19, 2021, Defendant emailed Plaintiff stating "[f]ollowing up on my previous email I'd like to add that my colleagues filed a [DMCA counter notification] by mistake yesterday. So please ignore it."

29. On January 20, 2021, Business Casual received confirmation from YouTube that Defendant had retracted the DMCA counter notification it filed with YouTube concerning Defendant's First Infringing Video.

30. On February 9, 2021, Business Casual submitted a DMCA takedown request to YouTube concerning a second video posted by Defendant on Defendant's YouTube Channel at *www.youtube.com/watch?v=ju5ScQ-yibw* that copied portions of Plaintiff's Rockefeller Video ("Defendant's Second Infringing Video").

31. On February 15, 2021, Business Casual submitted a DMCA takedown request to YouTube concerning a third video posted by Defendant on Defendant's YouTube Channel at *www.youtube.com/watch?v=3AokIYKBz8I* that copied portions Plaintiff's J.P. Morgan Video ("Defendant's Third Infringing Video").

32. On February 18, 2021, YouTube removed Defendant's Third Infringing Video.

33. On February 20, 2021, Business Casual's attorney sent a letter to Defendant's counsel to address Defendant's repeated infringement of Business Casual's content and propose a settlement that would allow Defendant to avoid termination of Defendant's YouTube Channel and its thirty-eight associated channels per YouTube's repeat infringer policy.

34. Plaintiff did not receive a response from Defendant until after filing the above-captioned lawsuit.

35. On February 25, 2021, Business Casual re-submitted its DMCA takedown notification concerning Defendant's Second Infringing Video.

36. On February 28, 2021, YouTube notified Business Casual that Defendant had filed a DMCA counter notification with respect to Defendant's Third Infringing Video and

would reinstate Defendant's Third Infringing Video if Business Casual did not seek a court order to restrain Defendant's infringing activity.

37. On March 2, 2021, Business Casual's counsel again wrote to Defendant's counsel seeking a retraction of Defendant's February 28, 2021 counter notification pertaining to Plaintiff's claims against Defendant.

38. Plaintiff did not receive a response to this letter until after filing the above-captioned lawsuit.

39. On March 4, 2021, YouTube removed Defendant's Second Infringing Video.

40. On March 12, 2021, YouTube notified Business Casual that Defendant had filed a DMCA counter notification with respect to Defendant's Second Infringing Video and would reinstate Defendant's Second Infringing Video if Business Casual did not seek a court order to restrain Defendant's infringing activity within ten (10) business days, the period prescribed by the safe harbor provision of the DMCA.

41. On March 15, 2021, Business Casual filed a fourth DMCA takedown notification, with YouTube concerning a fourth video posted on Defendant's YouTube Channel at *https://youtu.be/9Zm6yJn9dTE* ("Defendant's Fourth Infringing Video") that infringes on copyrighted content rightfully and solely owned by Plaintiff.

42. On March 17, 2021, Business Casual filed federal Copyright Application No. 1-10275567962 on an expedited basis for a video titled *U.S. National Debt Clock* (the "National Debt Clock Video"). A true and correct copy of Business Casual's Copyright Application for the National Debt Clock Video is attached hereto as **Exhibit D**.

///

///

# CLAIMS FOR RELIEF

## COUNT 1
### COPYRIGHT INFRINGEMENT
#### (Defendant's First Infringing Video)

43. Plaintiff restates all paragraphs as if fully restated herein.

44. Plaintiff is the owner of the J.P. Morgan Registration for the J.P. Morgan Video.

45. Defendant's First Infringing Video includes copied portions of the J.P. Morgan Video.

46. Defendant's First Infringing Video infringes upon Plaintiff's J.P. Morgan Registration.

47. Defendant admitted that the Defendant's First Infringing Video unlawfully copied portions of Plaintiff's J.P. Morgan Video.

48. Upon information and belief, Defendant's First Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

49. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

50. Plaintiff is entitled to actual damages and Defendant's profits.

51. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 2
### COPYRIGHT INFRINGEMENT
#### (Defendant's Second Infringing Video)

52. Plaintiff restates all paragraphs as if fully restated herein.

53. Plaintiff is the owner of the Rockefeller Registration for the Rockefeller Video.

54. Defendant's Second Infringing Video includes copied portions of the Rockefeller Video.

55. Defendant's Second Infringing Video infringes upon Plaintiff's Rockefeller Registration.

56. Upon information and belief, Defendant's Second Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

57. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

58. Plaintiff is entitled to actual damages and Defendant's profits.

59. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 3
## COPYRIGHT INFRINGEMENT
### (Defendant's Third Infringing Video)

60. Plaintiff restates all paragraphs as if fully restated herein.

61. Plaintiff is the owner of the J.P. Morgan Registration for the J.P. Morgan Video.

62. Defendant's Third Infringing Video includes copied portions of the J.P. Morgan Video.

63. Defendant's Third Infringing Video infringes upon Plaintiff's J.P. Morgan Registration.

64. Upon information and belief, Defendant's Third Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

65. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

66. Plaintiff is entitled to actual damages and Defendant's profits.

67. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 4
## COPYRIGHT INFRINGEMENT
### (Defendant's Fourth Infringing Video)

68. Plaintiff restates all paragraphs as if fully restated herein.

69. Plaintiff is the owner of a pending expedited copyright application for the National Debt Clock Video.

70. Defendant's Fourth Infringing Video includes copied portions of the National Debt Clock Video.

71. Defendant's Fourth Infringing Video infringes upon Plaintiff's copyright in the National Debt Clock Video.

72. Upon information and belief, Defendant's Fourth Infringing Video was commercially exploited (i.e., monetized on YouTube) and used in other contexts from which Defendant profited.

73. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

74. Plaintiff is entitled to actual damages and Defendant's profits.

75. Plaintiff is entitled to its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 5
## DMCA VIOLATION PURSUANT TO 17 U.S.C. § 512(f)

76. Plaintiff restates all paragraphs as if fully restated herein.

77. On January 19, 2021, Defendant knowingly and materially misrepresented the infringing nature of Defendant's First Infringing Video in a DMCA counter notification that it retracted the next day.

78. On February 9, 2021, Plaintiff filed a DMCA takedown notice with YouTube requesting the removal of Defendant's Second Infringing Video.

79. On February 15, 2021, Plaintiff filed another DMCA takedown notice with YouTube requesting the removal of Defendant's Third Infringing Video.

80. In response to Plaintiff's DMCA takedown notice sent to YouTube on February 15, 2021, concerning Defendant's Third Infringing Video, Defendant made a knowingly false and material misrepresentation by submitting a DMCA counter notification, forwarded to Plaintiff by YouTube on February 28, 2021, stating that Defendant's Third Infringing Video did not infringe upon Plaintiff's copyright rights.

81. Defendant's DMCA counter notification to YouTube with respect to Defendant's Third Infringing Video was made with knowledge that it was another willful and material misrepresentation.

82. With respect to Plaintiff's DMCA takedown notice sent to YouTube on February 9, 2021, concerning Defendant's Second Infringing Video, Defendant made a knowingly false and material misrepresentation by submitting a DMCA counter notification, forwarded to Plaintiff by YouTube on March 12, 2021, stating that Defendant's Second Infringing Video did not infringe upon Plaintiff's copyright rights.

83. Defendant's DMCA counter notification to YouTube with respect to Defendant's Second Infringing Video was made with knowledge that it was another willful and material misrepresentation.

84. Plaintiff has suffered damages and continues to suffer damages as a result of Defendant's willful and material misrepresentations.

85. Defendant is liable for Plaintiff's damages, including costs and attorneys' fees, pursuant to 17 U.S.C. § 512(f).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that the Court enter the following judgment against Defendants:

1. That Defendant, its officers, agents, servants, employees, and any persons in active concert or participation with it be permanently enjoined and restrained from:

    a. Infringing Plaintiff's copyright rights in the works covered by the Business Casual Registrations;

    b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party to: (i) copy, extract, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, or otherwise use or exploit in any manner any of Plaintiff's works covered by the Business Casual Registrations or portion(s) thereof; or (ii) to make available any of Plaintiff's works covered by the Business Casual Registrations for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or for any other use or means of exploitation; and

c. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(b).

2. That third-parties providing services used in connection with Defendant's YouTube Channel, including without limitation, web hosting providers, cloud services providers, digital advertising service providers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), domain name registration privacy protection services, providers of social media services (e.g., Facebook and Twitter), and user generated and online content services (e.g., YouTube, Periscope, Flickr and Tumblr) be required to cease or disable providing such services to Defendant in relation to Defendant's YouTube Channel and/or infringement of Plaintiffs' works covered by Business Casual's Registrations;

3. That the transfer of Defendant's assets to Plaintiff, specifically including assets in any of Defendant's payment processor accounts, including but not limited to Google AdSense, Payoneer, Dwolla, Stripe, and PayPal arising from, related to, or to account for their infringement of Plaintiff's works covered by the Business Casual Registrations or other monetary awards be ordered by the Court;

4. That Defendant account for and pay Plaintiff all profits realized by Defendant by reason of their unlawful acts alleged herein;

5. That Plaintiff be awarded its damages caused by Defendant's unlawful willful acts herein alleged;

6. That Plaintiff be awarded its costs and attorneys' fees incurred in this action;

7. That Plaintiff be awarded pre-judgment interest on its judgment; and

8. Such other and further relief as the Court may deem equitable, proper and just.

Dated: March 24, 2021  
New York, New York

Respectfully submitted,  
DUFF LAW PLLC

By: _____  
Anderson J. Duff (AD2029)  
43-10 Crescent St. Ste. 1217  
New York, New York 11101  
(t) 646.450.3607  
(f) 917.920.4217  
(e) ajd@hoganduff.com