UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BUSINESS CASUAL HOLDINGS, LLC, a Delaware limited liability company, | ) ) ) | Case No.:  1:21-cv-2007-JGK |
| Plaintiff, | ) ) | **MEMORANDUM IN SUPPORT OF** |
| v. | ) ) | **PLAINTIFF'S APPLICATION FOR AN ORDER AUTHORIZING** |
| TV-NOVOSTI, a Russian autonomous non-profit organization, | ) ) ) | **ALTERNATIVE SERVICE** |
| Defendant. | ) ) | |

**STATEMENT OF FACTS** ............................................................................................... 1

**ARGUMENT** ................................................................................................................. 3

    I.    A<small>LTERNATIVE</small> S<small>ERVICE</small> T<small>HROUGH</small> E<small>ITHER</small> P<small>ROCEDURE</small> P<small>ROPOSED</small> B<small>ELOW IS</small> A<small>PPROPRIATE</small> ..................... 3

    *A. Plaintiff Reasonably Attempted to Effectuate Service On Multiple Occasions and Defendant's Refusals to Accept Service Warrant the Court's Intervention.* ......................................................... 5

    *B.    Alternative Service Under Rule 4(f)(3) is Not Prohibited by International Agreement* ................ 5

    *C.    Alternative Service as Proposed by Plaintiff Comports with Due Process* ............................... 6

    *D.    Alternative Service Via Email is Appropriate* ............................................................................. 6

    *E.    Alternative Service Through Defendant's Local Counsel is Appropriate* .................................... 7

    *F.    This Court Recently Authorized Alternative Service on Defendant Under Similar Circumstances* 7

**CONCLUSION** .............................................................................................................. 8

Cases

*Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012)......................5

*Elsevier, Inc. v. Siew Yee Chew*, 287 F.Supp.3d 374, 377-78 (S.D.N.Y. 2018) ..................................passim

*Goldfarb v. RT America, et al.*, No. 1:18-cv-8128-DAB (S.D.N.Y. Feb. 11, 2019) ...................................1, 9

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1959)...................................................7, 8

*Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)..............................8

*Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *12

(N.D. Cal. July 1, 2011) .................................................................................................................6

*Rio Props., Inv. V. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ....................................................4

*Stream SICAV v. Wang*, 989 F.Supp.2d 264, 278 (S.D.N.Y. 2013).........................................................5, 7

*U.S. v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) ....................................................5

*Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y. 2013) .........................................................passim

Statutes

17 U.S.C. § 512(g)(2)(C) ...............................................................................................................................1

Rules

Fed. R. Civ. P. 4(h) .......................................................................................................................................3

Fed. R. Civ. P. 4(f) ...............................................................................................................................passim

iii

Plaintiff Business Casual Holdings, LLC ("Business Casual" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of Plaintiff's Application for an Order Authorizing Alternative Service on Defendant TV-Novosti ("Defendant" or "TV-Novosti").

## STATEMENT OF FACTS

Business Casual filed this proceeding because the Digital Millennium Copyright Act ("DMCA") required it to do so to preserve its rights after Defendant filed counter notifications in response to Plaintiff's DMCA takedown requests. 17 U.S.C. § 512(g)(2)(C). Defendant TV-Novosti is a Russian autonomous non-profit organization owned and controlled by the Russian government. On March 19, 2021, Marc P. Misthal notified Plaintiff via email that Defendant had retained his firm, Gottlieb, Rackman & Reisman, P.C., in connection with the above-captioned matter. (Duff Decl. ¶ 3.) After preliminary correspondence between counsel for the Parties concerning the possibility of settlement, Plaintiff's counsel asked if Defendant had authorized them to accept service in an April 16, 2021 email. (Duff Decl. ¶ 4.) On April 19, 2021, Defendant's counsel notified counsel for Business Casual that they were not authorized to accept service. (Duff Decl. ¶ 5.)

Defendant owns and operates a number of associated media channels using a variety of trademarks, including but not limited to those identified by the letters "RT" (e.g., "RT Arabic," "RT America," "RT en Español," *et al.*). Defendant has acknowledged before the Southern District of New York that RT America and TV-Novosti are the same entity. *See* Def.'s Rule 7.1 Disclosure at 1, *Goldfarb v. RT America, et al.*, No. 1:18-cv-8128-DAB (S.D.N.Y. Feb. 11, 2019), ECF No. 29 (stating that RT America is also known as TV-Novosti). RT America has an

address at 1325 G Street, NW Suite 250, Washington, DC 20005 ("Defendant's Address") (Duff Decl. ¶¶ 6, Ex. A, 7, Ex. B, 8, and Ex. C.)

On April 29, 2021, Plaintiff's process server attempted service on TV-Novosti at Defendant's Address and spoke with an employee from Suite 250 who came to the lobby to speak with the process server. (Wallace Affidavit at 1.) The employee stated that "his company had no affiliation with TV-Novosti and that he was not authorized to accept service on their behalf." *Id.* The employee provided Plaintiff's process server with the phone number for their office manager, identified as a woman named Kes, but Plaintiff's process server never received a response to at least three voicemails left at that number. *Id.* Plaintiff's process server attempted service at Defendant's Address again on May 3, 2021 and May 4, 2021. *Id.* On May 3, 2021, a security guard stopped the process server in the lobby of the building and was unable to reach anyone in Suite 250. *Id.* On May 4, 2021, a security guard stopped the process server in the lobby of the building and "was unable to summon anyone from Suite 250 to the building lobby." *Id.* When the process server asked the guard to call again, the "guard stated that they would only call the suite one time because the only person in Suite 250 was the same employee that [the process server] spoke with on [their] first attempt" at serving Defendant. *Id.* The process server was unable to reach the office manager, Kes, at the number provided and did not receive a response to three voicemails left for Kes. *Id.*

On January 18, 2021 and January 19, 2021, one of Defendant's employees, Albina Karyaeva, whose title was listed as Copyright Producer at RT (Russia Today TV), emailed Business Casual multiple times concerning the copyright infringement now complained of in this lawsuit. Plaintiff responded in a January 18, 2021 email stating "The strike placed on RT is, indeed, legitimate. Your video was a blatant rip-off of my company's video." Karyaeva

responded in a January 19, 2021 email apology that stated "Yes, you are right. I am terribly sorry about the use of [Business Casual's] material in [Defendant's] project . . . without [Business Casual's] permission" and the filing of a counter notification under the DMCA that Defendant stated was "sent by mistake." (Edson Decl. ¶¶ 3-5, Ex. D, and Ex. E.) Karyaeya also referred to the content copied by Defendant as Plaintiff's "copyrighted material." (Edson Decl. ¶¶ 4, Ex. D.) For all correspondence with Business Casual, Defendant's representative used the email address *atkaryaeva@rttv.ru* ("Defendant's Email Address"). (Edson Decl. ¶ 3.)

## ARGUMENT

### I.    Alternative Service Through Either Procedure Proposed Below is Appropriate

Business Casual respectfully seeks an order granting it permission to serve Defendant via email using Defendant's Email Address and/or via USPS on Defendant's local counsel pursuant to Federal Rule of Civil Procedure 4(f). Defendant has refused to accept service at Defendant's Address. Defendant has actual knowledge of this action and has already retained local counsel. Defendant's business is principally conducted online, and a Copyright Producer working for Defendant has already exchanged several emails with Business Causal using Defendant's Email Address about the infringing actions that gave rise to this lawsuit. Accordingly, Defendant's Email Address and Defendant's local counsel's physical address appear to be the best method of providing Defendant with service that comports with the Federal Rules of Civil Procedure and due process.

Service on Defendant, as a foreign entity, is governed by Rule 4(f). *Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y. 2013) (citing Fed. R. Civ. P. 4(h) (stating that a foreign corporation must be served "in a judicial district of the United States . . . or at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an

3

individual, except personal delivery")). Rule 4(f)(1) allows service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." *Zhang*, 293 F.R.D. at 511. With some restrictions, Rule 4(f)(2) allows alternative service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." *Id.* Rule 4(f)(3) allows service on a foreign litigant to be effected "by other means not prohibited by international agreement, as the court orders." *Id.*

"[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Elsevier, Inc. v. Siew Yee Chew*, 287 F.Supp.3d 374, 377-78 (S.D.N.Y. 2018) (citing *Rio Props., Inv. V. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted); *see also Zhang*, 293 F.R.D. at 512 ("Rule 4(f)(3) is 'merely one means among several which enables service of process on an international defendant' . . . ."). Rule 4(f)(3) "does not require a party to serve process by means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by "other means" under Rule 4(f)(3)." *Id.* (citing *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("[T]here is no hierarchy among the subsections in Rule 4(f).") (citations omitted)). "By its terms, Rule 4(f)(3) requires only that service be authorized by a court and 'not be prohibited by international agreement.' So long as those conditions are met, it should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful." *Zhang*, 293 F.R.D. at 512 (citation omitted). Courts in the Second Circuit have, however, "generally required: '(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is

necessary.'" *Stream SICAV v. Wang*, 989 F.Supp.2d 264, 278 (S.D.N.Y. 2013). "The decision of whether to order service of process under Rule 4(f)(3) is 'committed to the sound discretion of the district court.'" *Id.* (quoting *U.S. v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quotation omitted)). "[A]ny court-ordered method of service under Rule 4(f)(3) . . . must [] satisfy constitutional due process." *Elsevier*, 287 F.Supp.3d at 378 (citation omitted).

A.    **Plaintiff Reasonably Attempted to Effectuate Service On Multiple Occasions and Defendant's Refusals to Accept Service Warrant the Court's Intervention**

On April 21, 2021, Plaintiff filed a request for a summons identifying the address used by Defendant's and Defendant's agent, RTTV America, Inc. and/or T & R Productions LLC, who share an office and whose operations are commingled. (Duff Decl. ¶¶ 6, Ex. A, 7, Ex. B, 8, and Ex. C.) The employee from Suite 250 who met with Plaintiff's process server on April 29, 2021 claimed to have "no affiliation with TV-Novosti" and stated that he was "not authorized to accept service on their behalf." (Wallace Affidavit at 1.) A security guard at Defendant's Address prevented Plaintiff's server of process from effecting service on their second and third attempts. The employee who met with Plaintiff's process server also provided the process server with a phone number for the office manager for Suite 250, but all phone calls to and voicemails left at that number have gone unanswered. Plaintiff has reasonably attempted to effectuate service already, and Defendant's refusals to accept service warrant the Court's intervention.

B.    **Alternative Service Under Rule 4(f)(3) is Not Prohibited by International Agreement**

"[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *Zhang*, 293 F.R.D. at 512 (quoting *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) (citing cases)). "By its terms, Rule 4(f)(3) requires only that service be authorized by a

court and 'not prohibited by international agreement.'" *Id.* Although the Russian Federation is a participant in the Hague Convention, the Hague Convention is not implicated when no documents are required to be transmitted abroad. *Id.* at 513. The Southern District of New York recognizes that neither alternative service via email nor service on a defendant's counsel in the United States pursuant to Rule 4(f)(3) implicate the Hague Convention. *Id.* at 513. Alternative service pursuant to Rule 4(f)(3) via email and through Defendant's local counsel is not prohibited by international agreement.

### C.    Alternative Service as Proposed by Plaintiff Comports with Due Process

"Constitutional notions of due process require that any means of service be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Stream SICAV*, 989 F.Supp.2d at 279 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1959)) (citation omitted). "To meet this requirement, the means of service must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elsevier*, 287 F.Supp.3d at 378 (quoting *Mullane*, 339 U.S. at 314).

Defendant in this case is not only aware of this action but has already retained counsel in this judicial district. Defendant has corresponded with Business Casual about the facts underlying this lawsuit, and Defendant's local counsel has corresponded with Plaintiff's undersigned counsel but has not been authorized to accept service. Under these circumstances, alternative service as Plaintiff requests pursuant to Rule 4(f)(3) comports with due process.

### D.    Alternative Service Via Email is Appropriate

Service of process via email on a defendant that "conduct[s] business extensively, if not exclusively, through their Internet websites and correspond[s] regularly with customers via

6

email" is appropriate under Rule 4(f)(3). *Elsevier*, 287 F.Supp.3d at 380 (quoting *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)).

In this case, Defendant's Copyright Producer has already initiated and corresponded with Business Casual via email to discuss the copyright infringement underlying this lawsuit. Defendant operates at least thirty-nine associated YouTube channels, and its online activities are the primary actions giving rise to Plaintiff's claims. Under these circumstances, service via email is appropriate pursuant to Rule 4(f)(3).

### E. Alternative Service Through Defendant's Local Counsel is Appropriate

The Southern District of New York has authorized alternative service pursuant to Rule 4(f)(3) through a party's counsel in the United States when the party has actual notice of the lawsuit at issue and there is evidence of communication between the party's counsel and the party. *Zhang*, 293 F.R.D. at 515 (citations omitted). In this case, Defendant retained local counsel who then reached out to and corresponded with Plaintiff's undersigned counsel about this lawsuit and the potential for resolution of Plaintiff's claims without litigation. (Duff Decl. ¶ 3.) Defendant's counsel indicated in correspondence to Plaintiff's counsel that he has been discussing this case with Defendant. (Duff Decl. ¶¶ 3-5.)

Under these circumstances, alternative service through Defendant's local counsel is appropriate under Rule 4(f)(3).

### F. This Court Recently Authorized Alternative Service on Defendant Under Similar Circumstances

On October 19, 2018, Judge Sullivan issued an opinion in *Goldfarb v. Channel One Russia and RT America* granting the plaintiff's motion seeking leave to effect service on RT America by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Order Authorizing Service Through Def.'s U.S. Counsel, *Goldfarb v. RT America et al.*, No. 18-cv-

8128 (RJS) (S.D.N.Y. Oct. 19, 2018). Judge Sullivan recognized that "Courts in this district have often approved alternative service on defendant's counsel . . . including in cases involving defendants based in Russia." *Id.* at 3 (citations omitted).

///

///

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Application for an Order Authorizing Alternative Service on Defendant via email and/or through its local counsel.

Dated:  June 1, 2021                                    Respectfully submitted,

                                   By:  _____
                                        Anderson J. Duff
                                        Duff Law PLLC
                                        43-10 Crescent St. Ste. 1217
                                        New York, New York 11101
                                        (t) 646.450.3607
                                        (e) ajd@hoganduff.com

                                        *Attorneys for Plaintiff Business*
                                        *Casual Holdings, LLC*