# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

July 12, 2021

**VIA ECF**
Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Business Casual Holdings, LLC v. TV-Novosti*, Case No. 1:21-cv-2007-JGK

Dear Judge Koeltl:

    On July 2, 2021, counsel for Defendant TV-Novosti ("TV-Novosti") filed a letter requesting a pre-motion conference in anticipation of a motion to dismiss the first amended complaint filed by Plaintiff Business Casual Holdings, LLC ("Business Casual"). (Dkt. No. 18.) On July 8, 2021, the Court scheduled a pre-motion conference call for 3:30 p.m. EST on July 14, 2021. Business Casual, by and through its undersigned attorneys, respectfully submits this letter in response to TV-Novosti's July 2, 2021 letter and in advance of the July 14, 2021 pre-motion conference to address a few points raised by Defendant.

    Defendant outlines four arguments in favor of dismissal of all or part of Business Casual's first amended complaint. Defendant argues that: (i) the Copyright Act does not apply extraterritorially to overseas conduct by a foreign defendant; (ii) Plaintiff did not timely register one of its allegedly infringed works; (iii) Defendant's uses of Plaintiff's works constituted fair use; and (iv) Defendant did not make any material misrepresentations to YouTube. As an initial matter, Business Casual will stipulate to the dismissal of its Fourth Cause of Action so only Defendant's first, third, and fourth arguments are discussed below.

    Defendant's argument that "the Copyright Act does not apply extraterritorially to overseas conduct by a foreign defendant" rests on a citation to a single case from the Southern District of New York.[1] That case is distinguishable from the above-captioned matter for many reasons that Plaintiff will delineate in a brief responsive to any motion to dismiss filed by Defendant. At a high level, the above-captioned matter is replete with the additional "plus" factors that allow for the application of the Copyright Act in this case.[2] Defendant acknowledged deliberately copying Business Casual's copyrighted material. Defendant posted its infringing videos on servers managed by a United States based company, YouTube. Defendant actively conducts business in the United States. Defendant's YouTube channels feature advertisements from United States-based companies, including, but not limited to, Starz Entertainment, Amazon, Walmart, Zoom, GlaxoSmithKline, eBay, Liberty Mutual, Twilio, Priceline, Oracle (and others), targeting viewers in the United States. Defendant's infringing videos are about the history of the United States, concern American business magnates in the early 1800s, and serve the same purpose as Business Casual's original videos.

---

[1] *See State Street Global Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322 (S.D.N.Y. 2020).
[2] *Id.* at 340 (discussing "plus" factors allowing application of the Copyright Act).

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

Defendant's infringing videos were not just "merely accessible" in the United States. They were purposefully directed at viewers in the United States. Defendant's public statements further echo this reality. Defendant's Editor in Chief, Margarita Simonyan, has even referred to Defendant's media outlet as "'an information weapon' to be used against the United States."[3] Defendant's infringing videos were intended to, and did, have an effect in the United States. For example, although YouTube allows users to easily prevent the accessibility of videos in the United States and other markets, Defendant chose not to restrict the publication of its infringing videos to viewers in the United States. When Business Casual submitted takedown requests in accordance with the Digital Millennium Copyright Act ("DMCA"), Defendant responded with counter notifications consenting to the jurisdiction of any Federal District Court for any judicial district in which YouTube may be found.[4]

Defendant's next argument, that the each of the infringing works qualify as fair use, is incorrect. Defendant mischaracterizes Business Casual's videos as "pre-existing images of historical figures." In fact, the relevant portions of Business Casual's videos, while they make use of images of historical figures, are creative original expressions that turn a two-dimensional image into a three-dimensional model to great effect. Defendant's admitted copying of portions of Business Casual's videos is a testament to their value. With over one million subscribers and more than eighty-million total views across its YouTube channel, Business Casual has become world famous for its visual editing style. Business Casual converts two-dimensional images into several layers which are then meticulously refined and layered on top of one another. In addition to this multi-photo layering process, Business Casual transforms old low-resolution photographs into dramatically restored high-resolution photographs. This editing process requires myriad creative choices. After each layer is positioned properly, a camera 'moves through the scene' created by the newly created layers simulating a depth-of-field. This optical illusion provides Business Casual's videos with an immersive three-dimensional look and feel. Defendant's copying of public domain photographs is not at issue. What is at issue is Defendant's admitted copying of the dynamic videos Business Casual created using the process generally described above.

In arguing that Defendant's videos are insulated by the doctrine of fair use, Defendant also mischaracterizes Business Casual's videos by describing them as "praising" their subjects. As the Court may observe on YouTube,[5] Business Casual's J.P. Morgan video and Rockefeller video are critical of their respective subjects. To give just one example, in Business Casual's original Rockefeller video, Business Casual's narrator describes John D. Rockefeller as a ruthless business tycoon who "strangled" his competitors with manipulative oil pricing schemes to build his unlawful monopoly. Defendant's copying and use of portions of Plaintiff's original videos do not make a transformative use of those portions. Defendant's infringing videos also do not comment on Business Casual's videos. The only way that Defendant "transformed" Business Casual's videos is by removing Business Casual's watermark, adding Defendant's

---

[3] Brian E. Dickerson, Letter to RTTV America Inc. RE: Obligation of RTTV America, Inc. to Register Under the Foreign Agents Registration Act (available at: https://www.justice.gov/nsd-fara/page/file/1282086/download) (last visited July 11, 2021).

[4] *See* 17 U.S.C. § 512(g)(3)(C).

[5] How Rockefeller Built His Trillion Dollar Oil Empire (available at: https://youtu.be/9saLsvWcppw) (last visited July 11, 2021); J.P. Morgan Documentary: How One Man Financed America (available at: https://youtu.be/5jjdErDkDZE) (last visited July 11, 2021).

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

own watermark, and adjusting the saturation of the videos to evade YouTube's content theft detection technologies. Such alterations demonstrate Defendant's bad faith and weigh heavily against a finding of fair use.

Defendant's final argument, that Defendant did not make any material misrepresentations to YouTube, is directly contradicted by Defendant's statements to Plaintiff. In an email to Business Casual, Defendant admitted that the first counter notification it sent to YouTube was sent "by mistake." Defendant then retracted its first counter notification. Defendant then proceeded to file additional, nearly identical counter notifications to YouTube. The admission by Defendant that it knew it should not have filed the counter notifications that would have led to the reinstatement of the infringing videos shows that Defendant knew it was submitting counter notifications to YouTube that contained material misrepresentations. Defendant submitted its additional fraudulent counter notifications for one purpose:  to avoid having its channels terminated in accordance with YouTube's repeat infringer policy. As of the time of this writing, Defendant's YouTube channels have still not been terminated by YouTube.

Business Casual looks forward to discussing Defendant's proposed motion to dismiss during the scheduled pre-motion conference and in a responsive memorandum.

Respectfully submitted,

By: _____
Anderson J. Duff
Duff Law PLLC
43-10 Crescent St. Ste. 1217
New York, New York 11101
(t) 646.450.3607
*Attorneys for Plaintiff*
*Business Casual Holdings, LLC*

AJD/jo