# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUSINESS CASUAL HOLDINGS, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>TV-NOVOSTI, a Russian autonomous non-profit organization,<br><br>        Defendant. | Civil Action No. 21-cv-2007 |

## DEFENDANT TV-NOVOSTI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL

**ANO TV-NOVOSTI**

Alexey Lvovich Nikolov (alnikolov@rttv.ru)
Egor Gorchakov (eagorchakov@rttv.ru)
Borovaya Street, 3
Moscow, Russia, 111020

# INTRODUCTION

In December 2022, the Defendant was enlisted in EU sanctions list. Shortly thereafter, the majority of European and other countries' banks cancelled all the relations with the Defendant. It became impossible to conduct the usual international business activity.

Even though the Defendant is not a designated person in the United States of America, American banks will not cooperate with TV-Novosti, which is well-known as "over-compliance". As for now, the Defendant cannot make any transactions and subsequently afford a counsel to represent TV-Novosti. Thus, the Defendant is facing impediments it is not able to surmount on its own, which is, as the Defendant alleges, makes it indigent in this circumstances. There are no doubts that de facto the Defendant cannot be considered indigent, as it keeps on its activity in the state of incorporation. However, there is no legal or available opportunity to provide payment for trial procedures in the United States. Besides that, the Defendant has made numerous attempts to enable its representation in this Court, but no counsel or company would agree to make a contract.

## INFORMATION SUBJECT TO JUDICIAL NOTICE

### 1. Asymmetry in representation as a determinative factor.

It is well known that in cases when one party is represented and another is not, fundamental fairness is at risk. This conclusion can also be found in the research of The National Center for State Courts (NCSC).

It is a common situation when a defendant is not represented in civil cases and such cases usually end up in favor of a plaintiff. For instance, the study called "Virginia self-represented litigant study" that was undertaken by the NCSC clearly demonstrates that an unrepresented party has much fewer chances to win due to multiple reasons: "The representation status of the parties, and the resulting potential for imbalance of power when only one is represented, is significant. Plaintiffs obtain judgment in over 60% of the cases where plaintiffs are represented, and defendants are not. In contrast, Plaintiffs obtain judgment in less than 20% of the cases where defendants are represented, and plaintiffs are not" - Summary-Report-on-the-Findings-of-the-Virginia-Self-Represented-Litigant-Study-rev.pdf (brls.org).

There is another fundamental research made by Rebecca Sandefur – "Elements of professional expertise: understanding relational and substantive expertise through lawyers' impact" - Elements of Professional Expertise: Understanding Relational and Substantive Expertise through Lawyers' Impact - Rebecca L. Sandefur, 2015 (sagepub.com). The conclusions of the study clearly show the significant role of lawyer representation and how much a case outcome can differ if one is unrepresented.

Generally, the conclusions of such studies indicate that an unrepresented party cannot correctly deliver its arguments, comply with numerous rules and satisfy the Court with its filings, which altogether leads to prevalence of an opponent.

**2.  Appearance personally or by counsel**

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein, 28 U.S. Code § 1654.

The Defendant cannot enjoy its right under 28 U.S. Code § 1654, as it cannot hire a counsel due to the reasons described above in the [INTRODUCTION] section. Besides that, the Defendant cannot appear pro se as there is no legal basis for that.

Thus, TV-Novosti cannot participate in the proceedings to defend its rights and respectfully requests to appoint a counsel or authorize its pro se appearance.

**3.  PACER**

The Defendant notes that it has no access to PACER or any other database that is sufficient to provide adequate and relevant legal groundings in Court. That leads to inability to conduct a legal research and provide the Court with full information; consequently, it can possibly affect the administration of justice and accurate decision-making.

Thus, TV-Novosti respectfully requests appointment of counsel or authorization of pro se appearance.

**4.  The Plaintiff's Third Amended Complaint**

The Defendant notifies the Court that is has not received the Plaintiff's Third Amended Complaint ("TAC".

TV-Novosti seeks for an opportunity to file its response to the Third Amended Complaint, but to do so the Defendant requests the TAC and requests for the additional time to prepare and file the response.

Dated: February 22, 2023

ANO TV-NOVOSTI

By: _____

Director General

Alexey Lvovich Nikolov (alnikolov@rttv.ru)

Borovaya Street, 3

Moscow, Russia, 111020